IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY B. | : |
| | : |
| v. | : NO. 24-CV-5730 |
| | : |
| LELAND DUDEK, | : |
| Acting Commissioner of Social Security | : |
| | : |

**O P I N I O N**

SCOTT W. REID                                                                                             DATE: March 20, 2025
UNITED STATES MAGISTRATE JUDGE

     Bobby B. brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). He has filed a Request for Review to which the Commissioner has responded. As explained below, I conclude that Bobby B.'s Request for Review should be granted, and the matter remanded to the ALJ for consideration of the effects of his mild mental limitations on his ability to perform his past relevant work.

I.    *Factual and Procedural Background*

     Bobby B. was born on March 22, 1973. Record at 63. He completed the ninth grade in school. Record at 38. He worked in the past as a food services manager in a nursing home, and as a chef manager. Record at 204. On June 30, 2020, he filed an application for benefits, alleging disability since December 1, 2018, on the basis of arthritis, neuropathy in the hands and feet, depression, anxiety, high blood pressure, diabetes, gout, and sleep apnea. Record at 64.

The original denial of benefits is not in the file. However, Bobby B. requested reconsideration on October 27, 2020. Record at 63. Benefits were once again denied on May 8, 2023. *Id*. Bobby B. then requested reconsideration *de novo* by an Administrative Law Judge ("ALJ"). Record at 77. A hearing was held in this case on October 5, 2023. Record at 32. On January 24, 2024, the ALJ denied benefits. Record at 14. The Appeals Council denied Bobby B.'s request for review on August 26, 2024, permitting the ALJ's decision to serve as the final decision of the Commissioner of Social Security. Record at 1.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we

> also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

The final two steps of the sequential evaluation then follow:

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.    *The ALJ's Decision and the Claimant's Request for Review*

In his Decision, the ALJ found that Bobby B. suffered from the severe impairments of diabetes, hypokalemia, obesity, hypertension, osteoarthritis of the hip, arthritis and neuropathy of bilateral feet, median entrapment neuropathy at the level of the carpal tunnels bilaterally, and gout. Record at 16. He found Bobby B.'s mental impairments to be non-severe, finding that he had only mild limitations in: (1) understanding, remembering and applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing himself. Record at 17-18. The ALJ concluded that no impairment or combination of impairments met or medically equaled a listed impairment. Record at 18.

The ALJ determined that Bobby B. retained the RFC to work at the light exertional level, except that he could never climb ladders, ropes, or scaffolds; only occasionally climb ramps and stairs; occasionally balance, stoop and kneel; never crouch and crawl; frequently handle, finger, and feel bilaterally; and only occasionally use foot controls bilaterally. Record at 20. He would need to avoid concentrated exposure to extreme cold, heat, wetness, or vibration; could not work with dangerous moving machinery or unprotected heights, and could stand for only 90 minutes at a time "and then must sit briefly at the workstation for up to five minutes, before returning to the standing position." Record at 20. The ALJ included no limitations in the RFC related to Bobby B.'s mental impairments.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ found that Bobby B. could perform his past relevant work as a food services manager. Record at 26. He therefore found at the fourth stage of the sequential analysis that Bobby B. was not disabled. *Id*.

In his Request for Review, Bobby B. argues that the ALJ erred in failing to consider in his RFC assessment the impact of his mild mental limitations on his ability to return to his former position as a food service manager, which is considered skilled work. As discussed below, I agree that the ALJ erred in this respect on the facts of this case.

IV.    *Discussion*

After examining Bobby B. on April 21, 2023, consulting independent mental health expert Stacy Trogner, Psy.D., diagnosed him with an adjustment disorder with mixed anxiety and depressed mood, as well as an alcohol use disorder. Record at 903. She found that he had no limitation in understanding and carrying out simple instructions, but was mildly limited in the ability to understand and carry out complex instructions, and in making judgments on complex

work-related decisions.  Record at 905.  Dr. Trogner also found that Bobby B. was mildly limited in his ability to interact appropriately with the public, supervisors, and co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting.  Record at 906.

Agency mental health expert Paul Taren, Ph.D., who reviewed Bobby B.'s records on reconsideration, found his mental impairments not to be severe.  Record at 70.  He found, however, that Bobby B. was mildly limited in his ability to understand, remember, and apply information; to interact with others; to concentrate, persist, or maintain pace; and to adapt or manage himself.  Record at 69.

The ALJ found the opinions of Dr. Taren and Dr. Trogner persuasive.  Record at 24, 25.  As noted above, he, too, found Bobby B. to be mildly limited in the four areas considered by Dr. Taren, which are found in paragraph B of Listing 12.00, pertaining to mental illness.  Record at 17-18.  However, the ALJ did not discuss whether or not the mild limitations he found had any effect on Bobby B.'s ability to return to his past relevant work as a food services manager.  According to Bobby B., this was error.

There is much conflicting authority on exactly the issue presented here:  whether an ALJ must consider the effect of mild mental limitations caused by a non-severe psychological impairment on a claimant's ability to perform past relevant work or other work.  In a previous case, the undersigned observed:

> The relevant statutory authority creates a somewhat confusing equipoise.  By definition, a non-severe impairment causes no more than a minimal limitation in the claimant's ability to do basic work activities.  20 C.F.R. §404.1520a(d)(1).  Yet, the Social Security Act also provides that an ALJ must consider non-severe impairments along with severe impairments in assessing a claimant's RFC.  20 C.F.R. §404.1545(a)(2).
>
> Further, an ALJ is not required to use any specific language incorporating the Paragraph B factors into the RFC analysis.  ("[N]o incantations are required at steps four and five

5

>  simply because a particular finding has been made at steps two and three"). Nevertheless, it is error for an ALJ to simply ignore non-severe impairments after stage two of the sequential evaluation process. *Hess*, *supra*, quoting *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004): ("We cannot concur in the Commissioner's [position that the functional limitation findings are relevant only at steps two and three of the disability analysis])." (Brackets in original).
>
>  On the contrary, limitations caused by non-severe impairments should receive more consideration at the RFC stage than at stage two, since "[t]he mental FCC assessment used at steps 4 and 5 of the sequential evaluation process requires a *more detailed assessment* by itemizing various functions contained in the broad categories found in [the Paragraph B categories]." SSR 96-8p; *Hess, supra*. (Italics supplied).

*Perez-Vega v. Kijakazi*, Civ. A. No. 22-3994, 2023 WL 3620747 (E.D. Pa. May 24, 2023).

The Commissioner has pointed to numerous cases holding that, when an impairment is determined to be non-severe at stage two of the sequential evaluation, it need not be mentioned again at stages four or five, even when a claimant is found capable of returning to skilled work. *Jennifer B. v. Kijakazi*, Civ. A. No. 20-20364, 2022 WL 577960 at *12-13 (D.N.J. Feb. 25, 2022); *Hazelton v. Commissioner of Social Security*, Civ. A. No. 17-10953, 2019 WL 1002116 at *5 (D.N.J. Feb. 28, 2018); *Long v. Kijakazi*, Civ. A. No. 20-1358, 2022 WL 609620 at *7-9 (D. Del. Jan. 31, 2022), *approved and adopted* 2022 WL 609160 (D. Del. Feb. 15, 2022) ("[T]here is no requirement that an ALJ must find or include limitations associated with mild impairments").

Nevertheless, Bobby B. cites cases where the Agency regulations were found to compel explicit discussion at stage four or five of the effect of even non-severe mental impairments upon a claimant's ability to work. In *Wells v. Colvin* the Court of Appeals for the Tenth Circuit wrote: "A conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." 727 F.3d 1061, 1068-9 (10th Cir. 2013).

Closer to home, the Honorable Cynthia M. Rufe wrote in a similar case:

> The Commissioner does not dispute that the ALJ did not include all of the limitations in her hypothetical questions to the vocational expert, but contends that the ALJ made her findings as to these limitations when assessing Plaintiff's mental impairments at step 2 of the sequential analysis, and that the broad functional findings made as part of this analysis are not an RFC assessment and need not be included in the more specific and detailed RFC assessment at step 4.  In *Ramirez v. Barnhart*, [372 F.3d 546 (3d Cir. 2004)], however, the Third Circuit explicitly rejected this argument.  The Court of Appeals  held that an ALJ's decision was not supported by substantial evidence where the ALJ's hypothetical "did not adequately capture and recite all of [the plaintiff's] mental impairments and the limitations caused by those impairments," including a limitation in concentration, persistence or pace that was found when assessing the plaintiff's mental impairments at step 2 of the sequential analysis.
>
> The Court thus holds that the ALJ's decision was not supported by substantial evidence because the ALJ's RFC assessment and hypothetical questioning did not include Plaintiff's credibly established mild limitations in activities of daily living and concentration, persistence, or pace.

*Green v. Colvin*, 179 F.Supp.3d 481, 485-6 (E.D. Pa. 2016).

The Honorable David R. Strawbridge also remanded a case where an ALJ did not discuss mild mental limitations after stage two.  *Meersand v. Kijakazi*, Civ. A. No. 20-1084, 2021 WL 5003331 at *3 (E.D. Pa. Oct. 28, 2021).  He relied on *Green*, *supra*, and similar decisions in *Metelli v. Berryhill*, 2017 WL 2570913 at *1 (E.D. Pa. June 13, 2017); *Benedetto v. Saul*, 2020 WL 5763551 at *6-7 (E.D. Pa. Sep. 28, 2020); *Curran v. Astrue*, 2012 WL 94617 at *2 (E.D. Pa. Jan. 11, 2012); *Harman v. Astrue*, 2012 WL 94617 at *2 (E.D. Pa. Jan. 11, 2012); *Washington v Astrue*, 2009 WL 855893 at *1-2 (E.D. Pa. Mar. 31, 2009); *Hefferan v. Berryhill*, Civ. A. No. 17-2720 (E.D. Pa. Apr. 5, 2018); *Kennedy v. Berryhill*, Civ. A. No. 16-5478 (E.D. Pa. Jan. 23, 2018); and *Savage v Berryhill*, civ. A. No. 17-2548 (E.D. Pa. Jan. 17, 2018).

In *Perez-Vega*, *supra*, the undersigned discussed *Meersand* and some of the cases cited therein, noting that remands often occurred where there was some pragmatic reason to think that the mild mental limitations assessed would affect the claimant's ability to perform the specific

7

work which the ALJ found the claimant could perform.  2023 WL 2023 WL 3620747 at *4.  For instance, in *Metelli v. Berryhill*, the Honorable Marilyn Heffley found error where an ALJ "failed to include any indication that Metelli suffered from any mental health impairment in Metelli's RFC," after finding that she suffered from non-severe mental impairments causing mild limitations:

> Moreover, this requirement is especially important in cases involving claimants whose past relevant work was a skilled occupation.  "Courts have found that 'even minimal deficits in [intellectual] functioning could impact [a claimant's] ability to successfully perform the [skilled] occupation.'"  *Moore* [*v. Colvin*], 2017 U.S. Dist. Lexis 22850 at *31 [(D. Del. Mar 8, 2017)] (quoting *Harmon* [*v. Astrue*] 2012 WL 94617 at *2 [E.D. Pa. Jan. 11, 2012) (remanding due to failure to include mild mental limitations in RFC in finding claimant could perform her past relevant skilled work as a secretary); *Layfield v. Colvin* No. 15-358-SLF-SRF, 2016 WL 4578327 at *14 (D. Del. Sep. 1, 2016) (remanding due to failure to include mild mental limitations in RFC in finding claimant could perform her past skilled work as a self-employed consultant and office manager), report and recommendation adopted, No. 15-358-SLR-SRF, 2016 WL 5213902 (D. Del. Sep. 20, 2016); *Harmon*, 2012 WL 94617 at *2 (remanding in light of failure to include mild mental limitations in RFC in finding claimant could perform her past work as a lawyer).  Thus the ALJ's failure to include any mental limitations in Metelli's RFC and in her hypothetical to the VE was erroneous and requires remand.

2017 WL 2570913 at *6.

In *Leichter v. Kijakazi*, Civ. A. No. 20-6147, 2021 WL 59419 at *9 (E.D. Pa. Dec. 13, 2021), the Honorable Elizabeth T. Hey made a logical distinction between skilled and non-skilled work:  "[W]hereas non-severe mental impairments do not significantly limit a claimant's ability to do basic work activities … the ability to perform skilled work could be affected by even non-severe mental impairments."   She ordered remand, noting that "[T]he ALJ did not make an explicit finding that Plaintiff's limitations were so minimal that they would not limit Plaintiff's ability to perform skilled work."  Nor did the ALJ make such a finding in Bobby B.'s case.

8

On the same subject, the District Court for the District of New Jersey wrote in *Balla v. Commissioner of Soc. Sec.*, Civ. A. No. 18-386, 2019 WL 2482661 at *3 (D.N.J. June 14, 2019): "As Judge Hillman explained [in *Curry v. Commissioner of Soc. Sec.*, Civ. A. No. 1507515, 2017 WL 82196 at *5 (D.N.J. Mar. 2, 2017)], the impact of those limitations on Plaintiff's ability to work 'may be de minimis, or only require minor modifications of Plaintiff's RFC,' but this Court declines to independently make that finding here." *See*, *also*, *Kominsky v. Kijakazi*, Civ. A. No. 22-2353, 2023 WL 3919538 at *5 (E.D. Pa. June 9, 2023).

Thus, there is conflicting guidance from decided cases. As a whole, however, the courts requiring remand make a more convincing argument. Deciding that a level two determination of non-severity eliminates the need for consideration of resulting limitations at the RFC stage would simply read out of existence the regulatory requirement that non-severe impairments *must* be considered when assessing a claimant's RFC. 20 C.F.R. §404.1545(a)(2).

Further, the position taken in *Jennifer K.* that mild limitations in the "paragraph B criteria" at stage two can be ignored later because "the limitations identified [there] are not a residual functional capacity assessment" contradicts the agency instruction that an impairment deserves more detailed attention at stages four and five than it does at stage two, not less. SSR 96-8p. The ALJ noted this law in his decision. Record at 18. It is not logical to act as if specific limitations which are found to exist at stage two disappear at stage four or five. If the evidence supports a finding that such limitations do not affect a claimant's ability to perform past relevant work, the ALJ can explicitly make and explain that finding.

I conclude, therefore, that the ALJ erred in failing to consider the impact of the mild limitations caused by Bobby B.'s non-severe mental impairment upon his ability to return to his past work.

Moreover, on these facts it cannot be said that remand is unnecessary because it would not affect the outcome of the case. *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005). Skilled work demands the use of judgment, and can require performance at a "high level of complexity." 20 C.F.R. §416.968(c). As a matter of common sense, therefore, the mild limitations found by the ALJ in Bobby B.'s ability to deal with complexity and make complex work-related decisions could possibly affect his ability to work as a food service manager.

It is also possible that the impact of Bobby B.'s limitations on his ability to work as a food services manager are insignificant. Like the *Balla* and *Green* judges, however, I believe that is a finding for the ALJ to make based on the evidence of record. Accordingly, I will remand this case to the Agency for actions consistent with this Opinion.

V.     *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be granted and the matter remanded to the Agency for an explicit assessment of the effect of Bobby B.'s mental limitations on his ability to work, and for the taking of additional vocational evidence, if necessary, to determine whether his RFC permits him to return to his past relevant work, or to perform other work.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE